IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MR. JOHN LOPEZ,

        Plaintiff,

                              Civ. Action No.
vs.                           9:06-CV-156 (DNH/DEP)

MR. R. MITCHELL RUBINOVICH, et al.,

        Defendants.

_____

APPEARANCES:               OF COUNSEL:

MR. JOHN LOPEZ, pro se
#01-A-2423
Clinton Correctional Facility
Box 2001
Dannemora, New York

## **ORDER**

     This civil rights action was commenced by the plaintiff on February 6, 2006. Despite pendency of the case for more than eight months, it appears to the court that service of process upon the defendants has not yet been effectuated in this action. Moreover, there has been no activity in this matter by the plaintiff since February 23, 2006.

     On February 10, 2006, the Clerk's Office filed a notice directing the plaintiff to submit to the court nine copies of his complaint and completed

USM-285 forms for service upon the defendants. *See* Dkt. No. 5. On June 7, 2006, the Clerk's Office again filed a notice directing the plaintiff to submit to the court the above referenced documents by June 28, 2006, to no avail. *See* Dkt. No. 8. By Order of Magistrate Judge David E. Peebles dated August 3, 2006, the plaintiff was directed to file with the Court, within thirty days, an affidavit detailing the reasons why this action should not be dismissed for failure to effectuate service of process within the time allowed by the Federal Rules. *See* Dkt. No. 9. Despite this, to date the plaintiff has not provided an affidavit nor the requested documents to effectuate service of process on the defendants. Additionally, there has been no activity in this matter by the plaintiff since February 10, 2006.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL

9688, *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

In light of the above, and in particular plaintiff's failure to diligently prosecute his claims and to comply with directives from the court, this action be dismissed, without prejudice.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed, without prejudice, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail.

United States District Judge

Dated: October 17, 2006
       Utica, New York